UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN DOE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF STATE,**<br><br>**Defendant.** | **Civil Action No. 26-3899** |

**MEMORANDUM OPINION AND ORDER**

In this Freedom of Information Act suit, Plaintiff John Doe, proceeding *pro se*, seeks records concerning the U.S. Department of State's guidance to consular posts on how to handle nonimmigrant visa applications involving a history of alcohol-related driving offenses. See ECF No. 1 (Compl.), ¶¶ 1, 7. Concerned that "[p]ublicly linking his name" to such a request "would invite speculation about his own criminal and medical history," Doe moves to proceed pseudonymously. See ECF No. 3 (Mot.) at 2. As he has not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny his Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

## I. Legal Standard

Generally, a complaint must identify the plaintiff. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial

proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

## II. Analysis

Plaintiff has not met his burden to show that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity. The Court will address the five factors in turn.

First, disclosure of Doe's identity will not reveal any information of a "sensitive [or] highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97). The Complaint reveals no "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as sexual activities, reproductive rights, [and] bodily autonomy." Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d

19, 23 (D.D.C. 2021)); C. v. District of Columbia, No. 23-1139, ECF No. 5 (Mem. Op.) at 3 (D.D.C. Apr. 27, 2023) (finding this factor favored pseudonymity where "[t]he Complaint illustrate[d] in vivid detail the wide range of medical conditions from which Plaintiffs and putative class members suffer[ed]"). To be sure, disclosure could potentially "invite speculation about his criminal and medical history" by linking him to the subject matter of his FOIA request, particularly given that he is an applicant for a nonimmigrant visa himself. See Mot. at 2–3. But that outcome is far from certain — after all, not all filers of FOIA requests have a direct personal stake in the information that they seek — and "speculative and unsubstantiated claims of harm" generally are not sufficient to justify pseudonymity. John Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (citation omitted). Here, Plaintiff need not disclose any sensitive information about himself to make out his claims. Because his concerns amount to speculation, the first factor weighs against pseudonymity.

As to the second and third factors (risk of retaliatory harm and age), In re Sealed Case, 971 F.3d at 326, Plaintiff does not contend that they support pseudonymity. See Mot. at 3. Regardless of whether they are "inapplicable" or actually weigh "in favor of disclosure," they render the request for pseudonymity "less compelling." Doe v. Pub. Co. Acct. Oversight Bd., 2026 WL 1661910, at *2 (D.C. Cir. 2026) (citation omitted).

The fourth and fifth factors, taken together, modestly favor pseudonymity. Those factors consider the defendant's identity and any potential prejudice from a plaintiff's pseudonymity. In re Sealed Case, 971 F.3d at 326–27. Here, Defendant is the U.S. Department of State. See Compl., ¶ 5. This Court agrees with other courts in this district that "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly

charged with wrongdoing.'" J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)). The public interest in litigation against the government is further reduced where a plaintiff seeks individualized, rather than programmatic, relief — here, a court order requiring Defendant to produce the requested records. See Compl. at 4 (prayer for relief); Mot. at 3; Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant[,] . . . the fourth factor favors pseudonymity.") (citation omitted). Nor does the fifth factor — prejudice to Defendant — demand disclosure: Defendant "received Plaintiff's request under his true name and has corresponded with him under it," and Plaintiff consents to service of his identifying information on Defendant. See Mot. at 3–4; cf. In re Sealed Case, 971 F.3d at 326 n.1 (explaining that fifth factor is "not implicated" where defendant knows plaintiff's identity).

While the last two factors may favor pseudonymity, the first three — most significantly the first — cut against it. The Court therefore finds that Doe has not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. In re Sealed Case, 971 F.3d at 326.

## III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion for Leave to Proceed Under Pseudonym is DENIED;
2. Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether he wishes to proceed with filing the Complaint on the public docket using his real name, and, if so, shall also file his [3] Motion on the public docket as an appendix to the Notice; and

3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: November 10, 2026